**Nancy MATZA, Plaintiff,**

v.

**NCL (BAHAMAS) LTD., Defendant.**

**Case No. 12–22684–CIV.**

United States District Court, S.D. Florida.

Feb. 27, 2013.

Niva Maria Harney, Hamilton Miller & Birthisel LLP, Alexander J. Perkins, Leesfield & Partners, P.A., Miami, FL, for Plaintiff.

Jerry Dean Hamilton, Niva Maria Harney, Hamilton Miller & Birthisel LLP, Miami, FL, for Defendant.

### ORDER ON DISCOVERY CONFERENCE

ANDREA M. SIMONTON, United States Magistrate Judge.

This matter is before the Court following an informal discovery conference, which was held before the undersigned United States Magistrate Judge on February 20, 2013 (DE # 27). The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery matters in this case to the undersigned (DE # 10). Following the discovery conference, the Court entered an Order on Discovery Conference (DE # 29), which required Defendant to submit certain privilege log materials that were at issue at the discovery conference to the chambers of the under-signed for *in camera* review, and to file a memorandum of law supporting Defendant's related claims. The Court also allowed Plaintiff to file a response, and the parties have submitted these materials (DE ## 29 at 3; 28, 30). The Court has conducted an *in camera* review, and, for the reasons stated below, finds that the email communication in question is not protected from disclosure.

While the parties initially disputed at the discovery conference the production of several items listed in Defendant's privilege log, the Defendant ultimately agreed to produce all of the materials except for one email identified in the privilege log as email No. 5, sent from the Epic's physician, Dr. Joseph Rizza, to several recipients on December 11, 2011 (DE # 28–1 at 2). Defendant contends that production of this email is protected by the work product doctrine (DE # 28 at 2). Defendant states that Jane Kilgour, a member of Defendant's Legal and Claims Department, was a party to the email, and that the communication is between Defendant and an agent or potential joint defendant (DE # 28 at 3). Thus, Defendant concludes, there has been no waiver of any privilege (DE # 28 at 4–5). Ms. Kilgour and others concerned with legal action are a part of the communication, Defendant continues, because Defendant expected litigation to ensue (DE # 28 at 3). The Defendant adds that, although not an employee of Defendant, communications with the physician qualify for protection because the physician is Defendant's representative in this context (DE # 28 at 4). At any rate, Defendant concludes, the email is not responsive to any of Plaintiff's requests for production and, thus, should not be ordered produced regardless of privilege (DE # 28 at 2).

In response, Plaintiff restates her argument set forth at the discovery confer-

ence—that the email is not privileged because it was not created in anticipation of litigation, and that it involves third-parties, which operates to waive any privilege. In contrast, Plaintiff contends, any privilege would be in the nature of a doctor-patient privilege between the vessel's physician and Plaintiff (DE # 30 at 2–3). In addition, Plaintiff argues that Defendant's joint defense arguments are misplaced because the physician is not a potential defendant in this case (DE # 30 at 3). Finally, as to whether the email is responsive to discovery requests, Plaintiff argues that, even if the email is not responsive to Request Nos. 24 and 25 of Plaintiff's First Request for Production, the email would be nonetheless responsive to request Nos. 2, 9, and 10, which call for a broader array of materials, including medical logs, documentation of the incident, and records relating to the Plaintiff's disembarkation (DE # 30 at 3–4).

At the discovery conference, the undersigned noted that, while the Court had not yet reviewed the communications at issue, the parties identified in the privilege log and the nature of the facts represented at the discovery conference suggested that the communications likely focus on normal ship operations and the passenger's safety and security, such as arrangements to ensure a safe disembarkation, as opposed to actions taken with respect to legal matters (DE # 29 at 3). An *in camera* review confirms that the communication concerns normal ship matters and passenger safety, and not legal action. The purpose of the email was to advise of logistics regarding the medical evacuation—information necessary for the treatment and transport of Plaintiff, regardless whether litigation was anticipated, and not part of any investigation. Thus, the email does not qualify for protection from disclosure pursuant to the work product doctrine. *See Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 650 (S.D.Fla.2009).

The Declaration of Jane E. Kilgour is not particularly helpful or persuasive. While she notes generally that email communications such as these are internal and prepared in anticipation of litigation, the Declaration sheds little light on the basis for protecting this particular email from disclosure. Moreover, as Plaintiff notes, Ms. Kilgour acknowledges in the Declaration that the responsive documents "concern[ ] Plaintiff's disembarkation and air-ambulance evacuation from the ship . . . ." (DE # 28–3 at 2).

Finally, the undersigned agrees with Plaintiff that the email is responsive to several discovery requests. In particular, the undersigned notes that Request No. 1 calls for "[a]ll medical records . . . of the plaintiff for the incident . . ., in particular any and all records or notes from shipboard medical care"; Request No. 9 calls for "[a]ny and all records . . . reflecting the subject incident"; and No. 5 calls for "[a]ny and all statements made and/or signed by any witnesses bearing on facts relevant and material to the claims and defenses . . . ." (DE # 28–2 at 5).

Therefore, for the reasons stated above, the undersigned finds that the email identified as No. 5 in Defendant's privilege log (DE # 28–1 at 2) is not protected from disclosure pursuant to the work product doctrine. A copy of it shall be produced to Plaintiff on or before Monday, March 4, 2013. To the extent, however, that the email contains an unrelated last paragraph, beginning with the phrase, "On another note," it may be redacted as unresponsive confidential information.